UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
**CAROLE R. BERNSTEIN, ESQ.**

                **Plaintiff,**                  Civ. Case 1:23-cv-5810

       v.                                  **COMPLAINT**

**SCWORX CORP.,**
        **Defendant.**
----------------------------------------------------------------x

Plaintiff Carole R. Bernstein, Esq., by her attorneys, Zangari Cohn Cuthbertson Duhl & Grello, P.C., as and for her complaint, respectfully alleges:

## PARTIES and JURISDICTION

1. Carole R. Bernstein, Esq. ("Attorney Bernstein" or "Plaintiff") is, and at all relevant times hereinafter mentioned, was a solo practitioner with a place of business located at 41 Maple Avenue North, Westport, CT 06880. Attorney Bernstein is a citizen of the State of Connecticut and resides in Westport, Connecticut.

2. Upon information and belief, at all relevant times hereinafter mentioned, Defendant SCWorx Corp. ("Defendant") is a corporation organized under the laws of the State of Delaware, having its principal place of business located at 590 Madison Avenue, New York, New York. SCWorx is a citizen of the State of Delaware and the State of New York.

3. Defendant is subject to personal jurisdiction as it is a Delaware corporation with a place of business located in New York City, New York.

4. Because this controversy is between citizens of different states and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs, the Court has diversity jurisdiction over this matter pursuant to 28 U.S.C.§ 1332(a).

5. Venue is appropriate in the United States District Court for the Southern District of New York because the occurrences in the Complaint took place within New York City, and Defendant's offices are located within the Southern District of New York.

### Preliminary Statement

6. This is an action for damages as a result of, among other things, Defendant's breach of a legal services agreement as more fully alleged herein.

7. By agreement dated January 6, 2020, by and between Defendant and Attorney Bernstein (the "Agreement"), Attorney Bernstein agreed to provide legal services to Defendant and Defendant agreed to compensate Attorney Bernstein pursuant to the terms set forth in the written Agreement[1].

8. Between January 2020 and January 1, 2022, Attorney Bernstein had represented Defendant at a reduced hourly rate of $395.00 as set forth in the Agreement.

9. On November 1, 2021, Attorney Bernstein informed Defendant in writing that she would be increasing her hourly billing rate to $420 per hour effective January 1, 2022.[2] Since January 1, 2022, Defendant has been charged and has paid $420.00 per hour.

10. Since early 2020 Attorney Bernstein has represented Defendant in numerous litigation matters, including but not limited to a lengthy SEC investigation, an investigation by

---

[1] The initial engagement letter that set forth the terms and conditions of Attorney Bernstein's retention relates to the *Klarman v. SCWorx* matter, but the letter, by its terms, states that the terms and conditions would apply to future matters unless changed in another letter. A copy of the January 6, 2020 letter is annexed hereto as Ex. A.

[2] A copy of Attorney Bernstein's November 1, 2021 letter to Timothy Hannibal, President of Defendant, is annexed as Ex. B.

2

the United States Attorney's office for the District of New Jersey, a class action, a derivative action, several state and federal court commercial matters as well as an arbitration before the AAA.

11. Attorney Bernstein rendered timely, detailed invoices for legal services rendered.

12. Pursuant to the Agreement, "[s]tatements are due and payable in full when rendered. Any statement not paid within thirty (30) days from the date of the statement will be subject to a late charge of 1% per month…on the unpaid balance commencing from the date of the statement and continuing until paid…."

13. Attorney Bernstein performed all of the terms of the Agreement on her part to be performed.

14. Since April 1, 2023, Defendant has failed to make timely payments to Attorney Bernstein for legal services rendered and expenses incurred on her behalf.

15. Defendant also agreed in writing that upon default in timely payment, Defendant would pay Attorney Bernstein's costs of collection, including reasonable attorney's fees and costs.

16. Pursuant to the Agreement, Defendant owes Attorney Bernstein $76,953.49 for legal services rendered on Defendant's behalf as well as disbursements, late charges and attorneys fees. Defendant owes Attorney Bernstein disbursements in the amount of $869.98. Defendant owes Attorney Bernstein late charges, to date, in the amount of $1,392.48.

17. Defendant has wrongfully detained money due Attorney Bernstein.

18. In addition, pursuant to the Agreement, Defendant owes Attorney Bernstein for the attorney's fees and costs that have been and will be incurred in the commencement and

3

pursuit of this civil action.   To date, attorney's fees in connection with this matter have totaled $5,250.00.  Legal fees will continue to accrue through judgment.

## COUNT I
### (Breach of Contract)

19. Plaintiff realleges and incorporates by reference, paragraphs 1-18 as if set forth in full herein.

20. Defendant's actions in, among other things, failing to compensate Attorney Bernstein as aforesaid constitutes a breach of the Agreement.

21. As a result of the foregoing breach of the Agreement, Attorney Bernstein has incurred damages in an amount in excess of $75,000.00 plus prejudgment interest and costs.

## COUNT II
### (Quantum Meruit)

22. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-21 as if set forth in full herein.

23. Attorney Bernstein provided legal services to Defendant from in or around March 1, 2023 through May 31, 2023.

24. Despite repeated demands, Defendant has failed and refused to pay Attorney Bernstein for the requested services that were performed by Attorney Bernstein.

25. Attorney Bernstein is entitled to the reasonable value of the services rendered and Defendant is obligated to compensate Attorney Bernstein for the same.

26. The reasonable value of Attorney Bernstein services rendered on behalf of Defendant for which no payment has been received is $76,953.49, exclusive of interest.

27. Defendant has wrongfully detained money due Attorney Bernstein.

28. By virtue of the foregoing, Attorney Bernstein has sustained money damages.

## COUNT III
**(Unjust Enrichment)**

29. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-28 as if set forth in full herein.

30. Attorney Bernstein provided legal services requested by the Defendant.

31. Defendant has benefitted from the services provided by Attorney Bernstein.

32. Defendant has unjustly refused to pay for the services provided by Attorney Bernstein.

33. Defendant's refusal to pay for the services performed by Attorney Bernstein has caused Attorney Bernstein to suffer damages.

34. Defendant has wrongfully detained money due Attorney Bernstein.

35. By virtue of the foregoing, Attorney Bernstein has sustained money damages.

## COUNT IV
**(Account Stated)**

36. Plaintiff repeats and realleges the allegations set forth in paragraphs 1-35 as if set forth in full herein.

37. Attorney Bernstein sent written invoices to Defendant demanding payment for services rendered and expenses incurred.

38. Defendant received and retained the written statements sent by Attorney Bernstein without protest.

39.     By virtue of the foregoing, Attorney Bernstein is entitled to a judgment against Defendant in the amount of $76,953.49 as an account stated, plus the costs and disbursements of this action and interest as provided by law.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff requests the entry of judgment as follows:

(1)   on Count I, a monetary award in the sum of $76,953.49, the precise amount to be proven interest thereon; and

(2)   on Count II, a monetary award in the sum of $76,953.49, the precise amount to be proven plus interest thereon;

(3)   on Count III, a monetary award in the sum of $76,953.49, the precise amount to be proven, plus interest thereon; and

(4)   On Count IV, a monetary award in the sum of $76,953.49, the precise amount to be proven plus interest thereon; and

(5)   Attorney fees pursuant to written contract;

(6)   costs and disbursements; and

(7)   such other and further relief as may be just and equitable.

Dated:  New Haven, Connecticut
        July 7, 2023

                        Zangari Cohn Cuthbertson
                        Duhl & Grello P.C.

                        By:   /s/ Glenn A. Duhl
                        Glenn A. Duhl (GD9576)
                        59 Elm Street, Suite 400
                        New Haven, CT  06510
                        Tel.: (203) 786-3709
                        Fax: (203) 782-2766
                        gduhl@zcclawfirm.com