UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAROLE R. BERNSTEIN, ESQ,,
                 Plaintiff,

-v-

SCWORX CORP.,
                 Defendant.

23-CV-5810 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      Plaintiff Carole R. Bernstein brings this suit against Defendant SCWorx Corp. ("SCWorx") for an alleged breach of contract for legal services. Bernstein filed this suit on July 7, 2023. (ECF No. 1.) SCWorx did not answer or otherwise appear within the requisite time period. The Clerk of the Court entered default against SCWorx on September 11, 2023. (ECF No. 13.) Bernstein moved for default judgment. (ECF No. 14.) In response, SCWorx moved to set aside the default. (ECF No. 22.) For the reasons that follow, SCWorx's motion is granted and Bernstein's motion is denied.

      Federal Rule of Civil Procedure 55(c) authorizes the Court to set aside an entry of default "for good cause." The existence of "good cause" turns on three factors: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993).

      Here, the factors all weigh in favor of setting aside the default. First, the default was not willful. SCWorx failed to answer within the requisite time period because of a mistaken belief that proceedings were suspended as a result of its settlement discussions between SCWorx's chief financial officer and Bernstein's counsel. Significantly, SCWorx has no in-house counsel

1

and retained litigation counsel only after receiving notice of the entry of default. At most, SCWorx's conduct can be characterized as negligent—but not willful. *See Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) (holding that "willfulness" excludes "careless or negligent errors"). Second, setting aside the default will not prejudice Plaintiff. "[D]elay alone is not a sufficient basis for establishing prejudice." *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983). Bernstein's argument for prejudice rests on the unsubstantiated contention that she may not be able to recover because SCWorx's "continued existence as a going concern is highly doubtful." (*See* ECF No. 26 at 23.) Bernstein's conjecture is not sufficient to establish prejudice. Third, SCWorx has presented a meritorious defense because it has "present[ed] some evidence beyond conclusory denials to support [their] defense." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993). The test is whether "the evidence submitted, if proven at trial, would constitute a complete defense." *Id.* Here, SCWorx asserts several complete defenses, including that Bernstein breached the parties' engagement agreement.

Thus, the Court finds that SCWorx's default should be set aside. It follows that Bernstein's motion for default judgment is denied.

* * *

For the foregoing reasons, Defendant's motion to set aside default is GRANTED. Plaintiff's motion for default judgment is DENIED.

The Clerk of the Court is directed to close the motions at ECF Nos. 14 and 22.

Defendant shall file an answer within 14 days of this order.

SO ORDERED.

Dated: April 4, 2024
      New York, New York

                                            J. PAUL OETKEN
                                          United States District Judge

2